IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK HERRERA, | § | |
| *Plaintiff,* | § | 5-23-CV-01429-XR-RBF |
| vs. | § | |
| INVERTERRA HOLDINGS, LLC, DAVID E. DILLEY, LAWYER; | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns the proposed civil Complaint filed by pro se Plaintiff Frank Herrera. *See* Dkt. No. 1. The case was automatically referred for disposition pursuant to 28 U.S.C. § 636(b) and the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed in Forma Pauperis for the San Antonio Division of the Western District of Texas upon the filing of Herrera's Application to Proceed In Forma Pauperis ("IFP"). Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, it is recommended that this action be **DISMISSED** for failure to state a claim on which relief may be granted and failure to follow court orders. *See* 28 U.S.C. § 1915(e).

**Factual and Procedural Background**

Plaintiff Herrera initiated this action on November 13, 2023, against Defendants InverTerra Holdings, LLC, and David Dilley by filing an Application to Proceed in District

Court Without Prepaying Fees or Costs. Dkt. No. 1. In his proposed complaint, Herrera alleged that his right to a jury trial was denied in a still-pending state-court civil action in which he was defendant. Dkt. No. 1-1 at 3-5. On November 17, 2024, Herrera also filed a Motion for a Temporary Restraining Order related to the state-court action. Dkt. No. 3.

On January 26, 2024, the Court granted Herrera's application but ordered him to file a more definite statement, pursuant to 28 U.S.C. § 1915(e). Specifically, the Court ordered Herrera to clarify his cause of action and the ripeness of his claim. Dkt. No. 4 at 3-4. The Court's Order contained the following specific instructions for Herrera:

> **IT IS FURTHER ORDERED** that within **thirty (30) days** from the date of this Order, Plaintiff Herrera shall file a more definite statement or otherwise show cause why the Complaint should not be dismissed under 28 U.S.C. § 1915(e) for failure to state a non-frivolous claim upon which relief could be granted. Plaintiff Herrera's response to this Order shall not exceed 10 pages in length, inclusive of any exhibits.
> . . . .
> If Plaintiff Herrera fails to follow these instructions, the Court can dismiss this case for failure to prosecute or comply with a Court order. *See* Fed. R. Civ. P. 41(b). If Plaintiff Herrera does not wish to file a more definite statement, Plaintiff Herrera may request voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).

*Id*. at 5. In a separate order issued the same day, the Court denied Herrera's Motion for a Temporary Restraining Order. Dkt. No. 6.

Both of the Court's Orders also instructed the Clerk of Court's Office to "send a Copy of [the] Order to Plaintiff Herrera by regular mail, and certified mail, return receipt requested." *Id*. at 6. Both Orders were returned as undeliverable, *see* Dkt. Nos. 5, 8, 10, 11, and Herrera did not file a more definite statement or otherwise respond.

Recognizing Herrera's pro se status, the Court granted him one last opportunity to pursue his claims. On June 4, 2024, the Court issued a Show Cause Order which again contained specific instructions for Herrera and warned that the case might be dismissed if he failed to

2

respond. Dkt. No. 13. The Order reminded Herrera that "it is every litigant's responsibility to provide the Court with accurate contact information and to stay up to date, and in compliance, with all orders entered on the docket." *Id*. at 2. The Order also provided a timeline for Herrera's response and a warning that the case might be dismissed for a failure to comply:

> **IT IS THEREFORE ORDERED THAT** on or before the expiration of **21 days** from the date of this Order, Plaintiff shall **SHOW CAUSE** why this case should not be dismissed for want of prosecution and failure to follow a court order. *See* Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (recognizing a district court's authority to dismiss a case *sua sponte* under Rule 41(b) for want of prosecution or failure to follow a court order). In so doing, Plaintiff shall also comply with the Court's prior order by separately filing a more definite statement, as previously ordered.
>
> If Plaintiff fails to follow these instructions and explain why the case shouldn't be dismissed, the Court will dismiss the case. *See* Fed. R. Civ. P. 41(b); *McCullough*, 835 F.2d at 1127. If Plaintiff no longer wishes to pursue this case, he may request voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a).

*Id*. at 2-3. The Show Cause Order also directed the Clerk's office to "send a copy of this order to Plaintiff's last known mailing address via regular mail and certified mail, return receipt requested." *Id*. at 3. Again, the order was returned as undeliverable. To date, all mail sent to Herrera has been returned, and he has not responded to any order or otherwise further appeared in the case.

**Analysis**

This action should be dismissed for the reasons stated in the Court's January 26, 2024, Order granting Herrera's Application as well as for failure to comply with a Court order.

As previously explained in the January 26 Order granting Herrera's IFP Application, and pursuant to 28 U.S.C. § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious;

3

(2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

As pleaded, Herrera's complaint fails to state a non-frivolous claim on which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (5th Cir. 2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (5th Cir. 2007). Herrera's proposed complaint does not clarify the cause of action or ripeness of his claim. As stated in the Court's previous orders, it is not clear why this Court has jurisdiction over an apparently not-yet-ripe civil claim in state court.

Further, the Court granted Herrera an opportunity to cure the above-mentioned pleading deficiencies, and he failed to do so. Although the Court recognizes that its prior orders have been returned as undeliverable, it is Herrera's obligation to provide the Court with up-to-date contact information. *See* Local Rule CV-10(d). He has failed to do so and failed to comply with this Court's orders. Accordingly, dismissal is appropriate.

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that this case be **DISMISSED** for failure to state a non-frivolous claim on which relief may be granted and failure to comply with a Court order.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt

requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

    SIGNED this 13th day of September, 2024.

    RICHARD B. FARRER
    UNITED STATES MAGISTRATE JUDGE