IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK HERRERA,<br>　　　　*Plaintiff* | §<br>§<br>§ | |
| | § | SA-23-CV-01429-XR |
| -vs- | §<br>§ | |
| INVERTERRA HOLDINGS, LLC,<br>DAVID E. DILLEY, LAWYER;<br>　　　　*Defendants* | §<br>§<br>§<br>§ | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation ("Recommendation") in the above-numbered case, filed September 13, 2024, recommending that Plaintiff's complaint be dismissed for failure to state a claim and failure to follow court orders. After careful consideration, the Court **ADOPTS** the Magistrate Judge's Recommendation.

## BACKGROUND

The dispute arises out of a state-court action where Defendant InverTerra Holdings, LLC ("InverTerra") sued Plaintiff Frank Herrera over title and use of property. *See InverTerra Holdings, LLC v. Herrera*, No. 2023CI00438 (438th Dist. Ct., Bexar County, Tex. Jan. 9, 2023). The case was set for a jury trial on November 13, 2023, but Plaintiff claims the "judge sa[id] it cost the courts to [sic] much money." ECF No. 1–1 at 4. While the matter was reset to February 10, 2024, *id.* at 5, Plaintiff turned to federal court to seek relief.

Plaintiff, proceeding *pro se* and *in forma pauperis*, sued InverTerra and attorney David E. Dilley under Section 1983 for denying his right to a jury trial. ECF No. 1–1 at 2–3. The Magistrate Judge granted Plaintiff's motion to proceed IFP but directed Plaintiff to file a More Definite

Statement regarding the claims and withheld service of Plaintiff's Complaint pending review of his response. ECF No. 4.[1] This Order was mailed[2] to Plaintiff but was returned as undeliverable. *See* ECF Nos. 5, 8, 10, 11. In April 2024, the Magistrate Judge granted Plaintiff another opportunity to pursue his claims. ECF No. 13.

After this Order was again returned as undeliverable, ECF No. 15, the Magistrate Judge reviewed the initial pleading under 28 U.S.C. § 1915(e) and issued the Report, which recommended that Plaintiff's claim be dismissed under Section 1915(e) because (i) the named defendants are not state actors subject to Section 1983 liability and (ii) it was unclear whether the claims were ripe. ECF No. 16. The Magistrate Judge also recommended dismissal for failure to prosecute under Rule 41(b). *Id.* The Recommendation was mailed to Plaintiff on September 16, 2024. ECF No. 17.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b). The Court's authority in this regard stems from its inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has completely failed to prosecute this action and respond to the Magistrate Judge's Orders. While the Court acknowledges Plaintiff is proceeding *pro so*, it is nearly a year since he filed his initial pleading and motion for a temporary restraining order. Since then, Plaintiff has been absent from this case. Plaintiff has not filed a More Definite Statement nor sought an

---

[1] Plaintiff also filed a motion for temporary injunction seeking to prevent InverTerra from taking possession of the house, but that was denied by the Magistrate Judge on January 26, 2024. ECF No. 6.

[2] All Orders have been mailed by certified mail, return receipt requested.

extension to do so. Nor has Plaintiff provided the Court with up-to-date contact information required by the Local Rules. *See* Local Rule CV-10(d). Without this information, the Court cannot proceed, nor is it the Court's responsibility to locate Plaintiff to do so. Because this warrants dismissal alone under Rule 41(b), the Court need not analyze Plaintiff's failure to state a claim.[3]

Accordingly, the Court **ADOPTS** the Magistrate Judge's Recommendation.

**IT IS FURTHER ORDRED** that Plaintiff's claims against Defendants are hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and respond to Court orders. A final judgment pursuant to Rule 58 will follow separately.

**IT IS SO ORDERED**.

**SIGNED** this 16th day of October, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[3] If it did, it would agree with the Magistrate Judge because the named defendants are not state actors subject to Section 1983 liability. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019) (the "state-action doctrine distinguishes the government from individuals and private entities"); *Ramie v. City of Hedwig Village*, 765 F.2d 490, 492 (5th Cir. 1985) ("The Constitution protects individuals against invasion of their privacy *by the government*") (emphasis added). Nor is it clear that Plaintiff's claim is ripe (or now moot) from the allegations themselves.